UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SHADIA ALVAREZ,

                                           Plaintiff,        **NOTICE OF REMOVAL**

                    -against-

                                                            Case No. 17 Civ. 0935

THE DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, SUPERINTENDENT
CARRON STAPLE individually and on behalf of
the Department of Education of the City of New
York,

                                           Defendants.

------------------------------------------------------------------X

**TO:    THE UNITED STATES DISTRICT COURT,
         SOUTHERN DISTRICT OF NEW YORK**

Defendant The Department of Education of the City of New York ("DOE"), by and

through its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, hereby

files this Notice of Removal for the removal of this case from the Supreme Court of the State of

New York, New York County, to the United States District Court for the Southern District of

New York, pursuant to 28 U.S.C. §§ 1441 and 1443.  In support thereof, DOE respectfully states

as follows:

1.    On November 9, 2016, an action was commenced in the Supreme Court of

the State of New York, County of New York, under Index No. 159429/2016, naming the above

captioned defendants as parties in this action.

2.    DOE was served with the Summons and Verified Complaint in the above-

entitled action on January 19, 2017.  A copy of the Summons and Verified Compliant is annexed

hereto as Exhibit "A."

3.      Upon information and belief, defendant Carron Staple has not been served with the Summons and Verified Complaint in the above-entitled action as of February 8, 2017. Defendant Staple, however, has consented to removal of this action.

4.      The above-captioned action is a civil action of which the District Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question), in that it alleges claims which arise under the Constitution and laws of the United States.

5.      Specifically, the Complaint alleges inter alia, that defendants violated plaintiff's federal civil rights under the First Amendment of the U.S. Constitution. See Ex. "A" ¶¶ 10-17.

6.      This action is therefore removable to the District Court without regard to the citizenship or residence of the parties, pursuant to 28 U.S.C. §§ 1441 and 1443.

7.      This Notice of Removal is timely because it is being filed within thirty days (30) days of receipt of the initial pleading placing the DOE on notice of the plaintiff's federal claims. See 28 U.S.C. § 1446(b).

8.      DOE is unaware of any previous application for the relief requested herein.

9.      DOE will promptly serve a copy of this Notice of Removal on counsel for plaintiff, and will file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending, pursuant to 28 U.S.C. §1446(d).

10.      DOE reserves all claims and defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

**WHEREFORE**, DOE respectfully requests that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:          New York, New York
                February 8, 2017

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        Attorney for The Department of Education of the
                                        City of New York
                                        100 Church Street, Room 2-183
                                        New York, New York 10007
                                        Tel: (212) 356-2078
                                        jocarter@law.nyc.gov


                                        By:      _____/s/_____

                                                 John Corbin Carter
                                                 Assistant Corporation Counsel

TO:     Stewart Lee Karlin Law Group, P.C.
        Stewart Lee Karlin, Esq.
        111 John Street, 22nd Floor
        New York, New York 10038
        (212) 792-9670

3

## CERTIFICATE OF SERVICE

I, John Corbin Carter, declare under penalty of perjury that I have served a copy of the attached Notice of Removal on the party listed below by first class mail.

> Stewart Lee Karlin Law Group, P.C.
> Stewart Lee Karlin, Esq.
> 111 John Street, 22nd Floor
> New York, New York 10038
> (212) 792-9670

Dated:        New York, New York
              February 8, 2017

              _____
              John Corbin Carter
              Assistant Corporation Counsel

# EXHIBIT "A"

FILED: NEW YORK COUNTY CLERK 11/09/2016 04:13 PM    INDEX NO. 159429/2016
NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 11/09/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X

SHADIA ALVAREZ,

                    Plaintiff,

      -against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,
SUPERINTENDENT CARRON
STAPLE individually and on behalf
of the Department of Education of the
City of New York,

                Defendant.
-------------------------------------------------------X

| | |
|---|---|
| **Index No.:** | 159429/2016 |
| **Date Purchased:** | 11 / 09 /2016 |

Plaintiff designates New York
County as the place of trial

**SUMMONS**
The basis of the venue is:
Defendant's Principal Place of
business

Plaintiff resides:115 Winnebago Road
Yonkers, New York 10710

To the above named Defendants:

      You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons to serve a notice of appearance on the Plaintiffs' attorney within twenty days after service of the summons exclusive of the day of the service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       March 17, 2016

                             Yours, etc.,

                             /Stewart Lee Kalrin
                             STEWART LEE KARLIN, ESQ.

DEFENDANTS' ADDRESS         Attorney for Plaintiff
100 Church Street                 111 John Street, 22nd Floor
New York, NY 10007          New York, NY 10038
ATT: CORPORATION COUNSEL  (212) 792-9670

Defendant Carron Staple
1 Fordham Plaza, Room 833
Bronx, NY 10458

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

SHADIA ALVAREZ,

                     Plaintiff,

          -against-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK, SUPERINTENDENT
CARRON STAPLE individually and on behalf
of the Department of Education of the
City of New York,

                     Defendant,
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.   159429 / 2016

The Plaintiff SHADIA ALVAREZ, by her attorney, STEWART LEE KARLIN,

respectfully shows to this Court and alleges as follows:

1.     Plaintiff (hereinafter at all times mentioned "Plaintiff") was employed with the

Defendant Department of Education of the City of New York (hereinafter "DOE").

2.     Defendant Department of Education of the City of New York and the City School

District of the City of New York (hereinafter Defendant) is charged by law with responsibility for

the operation, management and control of the New York City public education and is within the

jurisdiction of this Court. Defendant Carron Staple was the Superintendent and acting individuall

and on behalf of the Defendant DOE at all times relevant in the complaint. (hereinafter

collectively referred to as Defendants)

3.     Plaintiff was employed in 2010 as an acting Principal and was appointed

in 2012

2

4.     In 2014, Plaintiff complained about threats of violence going on in the school including death threats and complained to the police department about these threats, and the lack of security regarding safety for the students.

5.     Defendant Carron Staple was extremely upset that Plaintiff had complained to the Police Department about the death threats and lack of security at the school.

6.     Plaintiff was subsequently discontinued in June 2014 and reverted back to her previous position as an Assistant Principal.

7.     The reason for Plaintiff's discontinuance was a complaint by the Superintendent Carron Staple concerning time records pertaining to per session work that initiated a retaliatory investigation against Plaintiff.

8.     Thereafter, in the summer of 2014, Plaintiff duly resigned as an Assistant Principal because she received an offer of employment with a school district in Westchester County.

9.     On or about August 19, 2015, plaintiff discovered a flag on her name that reflects that she was terminated from employment with the DOE when she was picking up her sabbatical check. If the record was accurate it should reflect that she was discontinued from the Principal position, reverted to the position of Assistant Principal and then duly resigned.

10.     Defendants violated the First Amendment of The United States Constitution by retaliating against Plaintiff for filing a police report on matters of public concern relating to safety issues by discontinuing her in 2014 and then improperly coding her name.

11.     Plaintiff's advocacy was separate and apart from the job duties she had as an Assistant Principal but rather as a citizen regarding matters which are of a public concern and interest. Plaintiff's job responsibilities did not include going filing a police report.

3

12.    As a direct result of Plaintiff's protected activity, Defendants retaliated against Plaintiff as set forth above including her termination.

13.    Based upon the foregoing, Defendants retaliated against Plaintiff as set forth above in violation of the First Amendment of the U.S. Constitution.

14.    There were no legitimate reasons for Defendants actions except retaliation due to Plaintiff's exercise of her First Amendment rights by complaining to the police department.

15.    As a result of Defendants' actions, Plaintiff suffered emotional pain and humiliating irreparable damage to her reputation and was damaged.  Defendants actions have injured Plaintiff in her employment.

16.    Defendants deprived plaintiff of such rights under color of State Law.

17.    As a result of Defendant's actions in retaliating against Plaintiff for her speech, Plaintiff has been damaged.

### PLAINTIFF HEREIN DEMANDS A JURY TRIAL

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant as follows:

1.    Enter a judgment declaring that Defendant's patterns, practices and omissions, as described above, violate the law and reinstatement retroactively to the position she would have been in but for the first amendment retaliation violation;

2.    Enter a judgment and award in favor of Plaintiff and against Defendant for reasonable monetary damages and all other damages owed to Plaintiff in an amount proven at trial, resulting from Defendants' unlawful acts or omissions including back pay and value of the loss of benefits and pain and suffering and damage to Plaintiff's reputation;

4

3.   Enter a judgment and award in favor of Plaintiff for costs, including but not limited to reasonable attorneys' fees, experts' fees, and other costs and expenses of this litigation;

4.   Enter a judgment and award in favor of Plaintiff for pre-judgment interest;

5.   Award such other and further legal and equitable relief as may be found appropriate and as this Court may deem just and proper.

Dated: New York, New York
      October 17, 2016

Respectfully submitted,

STEWART LEE KARLIN
LAW GROUP, PC

s/Stewart Lee Karlin
STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
111 John Street, 22nd Floor
New York, NY  10038
(212) 792-9670

5

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF NEW YORK)    ss.:

   I, the undersigned, an attorney admitted to practice in law in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action;  I have read the foregoing, Complaint, and know the contents thereof; the same is true to my own knowledge except as to those matters therein alleged to be on information and belief, as to those matters I believe to be true.

   The reason this verification is made by your affirmant and not by the Plaintiff herein is that said Plaintiff resides in a county other than the county where your affirmant maintains his law office.

   The grounds of your affirmant's belief as to all matter not stated upon my own knowledge are as follows:

   Conversations with the Plaintiff and information contained in the file.

Dated:  New York, New York
   October 17, 2016

            s/ Stewart Lee Karlin
            STEWART LEE KARLIN, ESQ.

6

## ATTORNEY CERTIFICATION

Pursuant to 22 NYCRR, Section 130-1.1.A the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, respectfully affirms the truth of the following statement under the penalties of perjury pursuant to the C.P.L.R.:

The undersigned attorney hereby certifies that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the papers (s) or the contents therein are not frivolous as defined in Subsection C of Section 130-1.1.

Dated:  New York, New York
        October  17, 2016

                                        /Stewart Lee Kalrin
                                        STEWART LEE KARLIN, ESQ.

7



# NYSCEF - New York County Supreme Court
# Confirmation Notice



This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**SHADIA ALVAREZ - v. - THE DEPARTMENT OF EDUCATION OF CITY OF NEW YORK et al**

**159429/2016**

**Assigned Judge: None Recorded**

## Documents Received on  11/09/2016 04:13 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | SUMMONS + COMPLAINT | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:     **STEWART LEE KARLIN**

Phone #:  **(212) 792-9670**           E-mail Address:    **slk@stewartkarlin.com**

Fax #:                                Work Address:    **111 JOHN STREET, 22ND FLOOR**
                                                      **NEW YORK, NY 10038**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 11/09/2016 04:13 PM :

**KARLIN, STEWART LEE - slk@stewartkarlin.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

---

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956      Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center -  EFile@nycourts.gov**
Phone: (646) 386-3033      Fax: (212) 401-9146      Website: www.nycourts.gov/efile

Case No. 17 Civ. 0935

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHADIA ALVAREZ,

Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION
OF THE CITY OF NEW YORK,
SUPERINTENDENT CARRON STAPLE
individually and on behalf of the
Department of Education of the City of New
York,

Defendants

## NOTICE OF REMOVAL

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
Attorney for Defendant the Department of
Education of the City of New York
100 Church Street, Room 2-183
New York, New York 10007

Of Counsel:  John Corbin Carter
Tel:  (212) 356-2078
Matter No. 2017-002802

Due and timely service is hereby admitted.

New York, N.Y..............................................., 20__

.................................................................. Esq.

Attorney for ................................................................