17-CV-0935 (PAE) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHADIA ALVAREZ,

                                              Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, SUPERINTENDENT CARRON STAPLE individually and on behalf of the Department of Education of the City of New York,

                                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

# ZACHARY W. CARTER
*Corporation Counsel of the City of New York*

Attorney for Defendant
Department of Education of the City of New York
100 Church Street, Room 2-183
New York, New York 10007
Of Counsel: John Corbin Carter
Tel: (212) 356-2078
Matter No. 2017-002802

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
SHADIA ALVAREZ,

                            Plaintiff,

              -against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK, SUPERINTENDENT CARRON STAPLE individually and on behalf of the Department of Education of the City of New York,

17-CV-0935 (PAE) (JCF)

                            Defendants.

------------------------------------------------------------------------ X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

## PRELIMINARY STATEMENT

Plaintiff Shadia Alvarez ("Plaintiff"), who was formerly employed by the New York City Department of Education ("DOE") as an Acting Principal, brings the instant action pursuant to 42 U.S.C. § 1983, alleging that defendants DOE (sued herein as "The Department of Education of the City of New York") and Superintendent Carron Staple ("Staple" or "Superintendent Staple")[1] (collectively "defendants") retaliated against her for exercising her First Amendment right to free speech. Plaintiff alleges that she complained to the police department about threats of violence going on in her school and the lack of security for the school's students. Plaintiff alleges that Superintendent Staple was upset about Plaintiff's

---

[1] Upon information and belief, the individually-named defendant Carron Staple has not been served with the summons and complaint filed in this matter, and the time to do so has long since expired. Defendant's counsel was put on notice of the service failure on February 10, 2017, but did not remedy the deficiency and never served Defendant Staple. Accordingly, and notwithstanding the grounds for dismissal on the merits, Defendant Staple should be dismissed as a party.

complaints and reverted Plaintiff's title from Acting Principal to Assistant Principal in retaliation. Plaintiff thus contends that she was disciplined and demoted for the complaints, believing this constituted a First Amendment retaliation. It does not.

Therefore, defendant DOE now moves to dismiss the Complaint on the grounds that it fails to state a plausible claim upon which relief can be granted. Plaintiff's complaints about the alleged school violence and lack of students' security were not constitutionally protected speech, and, as such, Plaintiff cannot state a claim alleging retaliation for protected speech. Plaintiff spoke as an employee, not a citizen, and therefore she cannot state a plausible claim. Consequently, the Complaint must be dismissed for failure to state a claim upon which relief may be granted.

## STATEMENT OF FACTS[2]

Plaintiff was an Acting Principal with the DOE, appointed in 2012. See Compl. ¶ 3. Plaintiff complained in 2014 about "threats of violence going on in the school including death threats and complained to the police department about these threats," including complaints about the "lack of security regarding safety for the students." See id. ¶ 4. Plaintiff alleges that Superintendent Staple was "extremely upset" about Plaintiff's complaints regarding the school, and contends that Plaintiff was subsequently "discontinued" in June 2014, with her title reverted back to her previous position as Assistant Principal. See id. ¶¶ 5-6.

Plaintiff believes that her discontinuance came as a result of her filed complaints about school safety. Plaintiff claims that in retaliation for her complaints, Superintendent Staple initiated an investigation into time records and impermissible per session work. See id. ¶ 7. Ultimately, the investigation into Plaintiff's per session violations led to her discontinuance,

---

[2] This factual statement is derived from the allegations set forth in the Complaint solely for the purposes of this motion and defendant DOE neither admits nor denies these allegations.

although Plaintiff also claims that she "resigned" after receiving an offer of employment with a school district in Westchester County. See id. ¶¶ 7-8.

On August 19, 2015, after her departure from DOE, Plaintiff alleges that she discovered a "flag" on her name reflecting that she was terminated from employment with the DOE. See id. ¶ 9. Plaintiff claims that "[i]f the record was accurate it should reflect that she was discontinued from the Principal position, reverted to the position of Assistant Principal[,] and then duly resigned." Id.

## ARGUMENT

### PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR RETALIATION IN VIOLATION OF THE FIRST AMENDMENT.

**A.  Applicable Pleading Standard**

In order to survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Here, no such liability could ever be assigned because, as discussed below, plaintiff's claim entirely fails as a matter of law.

**B.  First Amendment Retaliation Standard**

It is well settled that to prevail on a First Amendment retaliation claim, a public employee must demonstrate: (1) that the speech at issue was protected by the First Amendment; (2) that he suffered an adverse employment action constituting conduct that would deter a similarly situated individual of ordinary firmness from exercising his constitutional rights; and (3) a causal connection between the protected speech and the adverse employment action. See

3

Ruotolo v. City of New York, 514 F.3d 184, 188-189 (2d Cir. 2008); Zelnick v. Fashion Inst. of Tech., 464 F.3d 217, 225 (2d Cir. 2006).

Protected speech is made by a public employee if "the employee spoke as a citizen on a matter of public concern." See Sousa v. Roque, 578 F.3d 164, 170 (2d Cir. 2009) (citing Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)). This inquiry involves two separate requirements, both of which must be met: (1) the employee must speak as a citizen, rather than as a public employee; and (2) the employee must speak on a matter of public concern. See id. If the employee's speech does not satisfy *both* requirements, "the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." See Garcetti, 547 U.S. at 418 (citing Connick v. Myers, 461 U.S. 138, 147 (1983)).

"By expressly holding that speech pursuant to a public employee's official duties is not insulated from employer discipline, Garcetti thus directs a court's attention to the role the speaker occupied." See O'Connor v. Huntington U.F.S.D., No. 11-CV-1275 (JFB) (ARL), 2014 U.S. Dist. LEXIS 39596 at *18 (E.D.N.Y. Mar. 25, 2014) ("O'Connor") (internal citation omitted). Under this "citizen vs. employee" prong, "two relevant factors that, considered in isolation, are not dispositive are whether the speech occurred in the workplace and whether the speech concerned the subject matter of the employee's job." See id. at *19 (citing Garcetti, 547 U.S. at 420-21). If the employee was acting pursuant to her official duties, then she was not speaking as a citizen and her speech is not entitled to First Amendment protection. See Garcetti, 547 U.S. at 421.

**C.     Plaintiff Was Speaking As a Public Employee, and Not a Private Citizen**

Here, Plaintiff spoke as an employee, not a citizen, and therefore cannot state a claim upon which relief can be granted. "Public employees who convey complaints or grievances about a matter pertaining to their official duties . . . do so in their capacities as employees rather

than citizens, even when the subject matter of their speech touches upon a matter of public concern," and, therefore, such speech is not protected by the First Amendment. See Weintraub v. Bd. of Educ. of the City of N.Y., 489 F. Supp. 2d 209, 221 (E.D.N.Y. 2007), aff'd, 593 F.3d 196 (2d Cir. 2010).

The Supreme Court in Garcetti cautioned that determining whether a public employee spoke within the scope of his professional duties requires a "practical" inquiry. See Garcetti, 547 U.S. at 424-25. Since Garcetti, many courts based their "practical inquiry" on whether the speech was made as part of the ordinary scope of the employee's job duties. See Weinbtraub, 593 F.3d at 204; Micillo v. New York City Dept. of Educ., No. 14 Civ. 00943 (LAK)(GWG). 2015 U.S. Dist. LEXIS 12321 at *6-18 (S.D.N.Y. Feb. 2, 2015); Kramer v. New York City Bd. of Educ., 715 F.Supp.2d 335, 357-358 (E.D.N.Y. 2010).

The practical inquiry here shows that Plaintiff made complaints about student safety, which were part-and-parcel of her job duties as a principal. Therefore, she spoke as an employee, even where she complained externally to the police department. See Rodriguez v. Int'l Leadership Charter Sch., No. 08 Civ. 1012 (PAC), 2009 U.S. Dist. LEXIS 26487, *9-10 (S.D.N.Y. Mar. 30, 2009) (holding that a teacher's complaint, about in-school problems that impacted the students, to an independent state agency did not change the fact that she spoke as an employee, pursuant to her professional duties, and therefore the teacher could not state a claim for First Amendment retaliation); see also Weintraub, 489 F. Supp. 2d at 221 ("[P]ublic employees who convey complaints or grievances about a matter pertaining to their official duties . . . do so in their capacities as employees rather than citizens, even when the subject matter of their speech touches upon a matter of public concern," and, therefore, such speech is not protected by the First Amendment.), aff'd, 593 F.3d 196 (2d Cir. 2010).

In O'Connor, as here, a teacher reported concerns about internal school issues and later alleged retaliation, believing that her complaints about school affairs were the basis for discipline by school administrators. See O'Connor, 2014 U.S. Dist. LEXIS 39596 at *3-5. The O'Connor Court dismissed the complaint, holding that the teacher "spoke as a public employee, rather than as a private citizen," and that making complaints "based upon information learned through the teachers' positions constitute speech as a public employee that is not protected by the First Amendment." See id. at *29 (internal citations omitted); see also White v. City of New York, No. 13 Civ. 7156, 2014 U.S. Dist. LEXIS 123255, *29-30 (S.D.N.Y. Sept. 3, 2014) (granting motion to dismiss where speech at issue was obviously "that of a concerned teacher, not a concerned citizen."). The O'Connor court further held that "[i]t is irrelevant that defendants point to no official policy" requiring the Plaintiff to file the type of complaint in question. See O'Connor, 2014 U.S. Dist. LEXIS 39596 at *22. The O'Connor court observed that "there is no question that reporting [internal pedagogical issues] is part-and-parcel of [Plaintiff's] job duties . . . ."). Here, there is no question that reporting student safety issues was part-and-parcel of Plaintiff's job duties as either an Acting Principal or an Assistant Principal who is vested with the responsibility for school management and safety. See Compl. ¶¶ 4, 11.

Accordingly, Plaintiff has failed to allege any facts that plausibly support a First Amendment retaliation claim here and the Complaint must be dismissed. Plaintiff spoke as a concerned employee, not a concerned citizen.

D. **Plaintiff Cannot Establish Monell Liability Against the DOE**

Plaintiff's claims under 42 U.S.C. § 1983 against the DOE must be dismissed because she has failed to plead that the alleged violations were the result of an official policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Owen v. Haas, 601 F.2d 1242 (2d Cir.), cert. denied, 444 U.S. 980 (1979). To hold the DOE liable under § 1983, plaintiff

6

must establish that the entity itself deprived plaintiff of a constitutional right through a "policy," "practice," or "custom" of that entity. Monell, 436 U.S. at 690-95; see Board of Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior.") (internal citations omitted). A mere assertion that a municipality has such a policy is insufficient to establish Monell liability. See Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). Moreover, proof of a single incident of unconstitutional activity is insufficient to demonstrate the existence of a custom or policy. See City of Oklahoma v. Tuttle, 471 U.S. 808, 821 (1985).

Here, nothing alleged plausibly supports a claim that there was a particular policy, practice, or custom of the DOE to retaliate against individuals based on their reporting of internal school safety matters. Indeed, plaintiff does not even allege the existence of a policy, practice, or custom in her Complaint. Thus, plaintiff cannot demonstrate the existence of an identified municipal policy or practices that was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694.

Furthermore, plaintiff has failed to state a plausible First Amendment claim for the reasons detailed above. Absent any underlying constitutional violation, there can be no municipal liability. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Fotopolous v. Bd. of Fire Comm'rs of Hicksville Fire Dist., 11 F. Supp. 3d 348, 373 (E.D.N.Y. 2014) ("The dismissal of Plaintiff's underlying claim for First Amendment retaliation requires dismissal of Plaintiff's municipal liability claim, as Defendants cannot be liable where there is no underlying constitutional violation.").

Accordingly, all claims against defendant DOE must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant DOE respectfully requests that this Court grant its motion to dismiss the Complaint in its entirety and deny the relief requested therein, together with such other and further relief as this Court deems just and proper.

Dated:	New York, New York
	March 17, 2017

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendant DOE
100 Church Street, Room 2-183
New York, New York 10007
(212) 356-2078
jocarter@law.nyc.gov


By:	/s/
	John Corbin Carter
	Assistant Corporation Counsel


Yuval Rubinstein,
John Corbin Carter,
  Of Counsel.